UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


United States of America,                                          Case No. 3:21-cr-240

              Plaintiff,

     v.                                                                      MEMORANDUM OPINION
                                                AND ORDER

Christopher Smith,

              Defendant.


## I.    INTRODUCTION

Defendant Christopher Smith seeks to exclude the testimony of the government's expert,

Dr. Randall Schlievert, regarding whether the individuals depicted in evidence to be presented at trial

in fact are minors.  (Doc. No. 42).  Smith also requests a hearing.  (*Id.*).  The government opposed

Smith's motion, (Doc. No. 43), and Smith filed a brief in reply.  (Doc. No. 47).  For the reasons

stated below, I deny Smith's request for a hearing and his motion.

## II.    BACKGROUND

Smith has been charged in a three-count indictment with attempting to coerce or entice a

minor to engage in illegal sexual activity, traveling with intent to engage in illicit sexual conduct, and

receiving and distributing child pornography.  (Doc. No. 33).  At trial, the government intends to

present testimony from Dr. Schlievert, MD, a board-certified pediatrician.  (Doc. No. 43-1).  Dr.

Schlievert will offer "an expert opinion regarding the females depicted in the Government's

representative sample of child pornography being minors or under the age of 18" by explaining,

"among other things, the physical characteristics underlying his conclusions and how those characteristics present themselves in the visual depictions in question." (Doc. No. 31 at 3).

Smith seeks to exclude Dr. Schlievert's testimony, "challeng[ing] the sufficiency of the data and whether the testimony is the product of reliable principles and methods." (Doc. No. 42). He offers the expert opinion of Dr. Jennifer L. Johnson, DNP, "a board-certified advanced practice registered nurse, certified advanced forensic nurse, and a board-certified sexual assault nurse examiner for pediatrics, adults, and adolescents." (Doc. No. 42-3 at 1).

### III.   ANALYSIS

The Federal Rules of Evidence permit a party to offer opinion testimony from expert witnesses under certain conditions. "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case."

Fed. R. Evid. 702. Before such testimony may be admitted, the proponent of the testimony must establish the "scientific testimony is 'not only relevant but reliable.'" *United States v. Bonds*, 12 F.3d 540, 555 (6th Cir. 1993) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993)).

Trial courts are not required to hold evidentiary hearings to assess the relevance and reliability of expert testimony if the record contains sufficient information to permit a court to decide a *Daubert* motion. *See, e.g., Greenwell v. Boatright*, 184 F.3d 492, 498 (6th Cir. 1999). While Smith asserts Dr. Schlievert's four-page report is "insufficient to allow the Court to perform its gatekeeping function," (Doc. No. 47 at 3), Smith does not explain why this is so, or what additional information might be offered during a hearing. Dr. Schlievert's C.V. provides information regarding

2

his experience and qualifications, (Doc. No. 43-1), and his report explains his evaluation of and conclusions about the five exhibits.  (Doc. No. 42-1).  I conclude a hearing is not necessary to resolve Smith's motion to exclude Dr. Schlievert's testimony because the record contains sufficient information to establish his testimony is relevant and reliable.

Smith contends Dr. Schlievert's testimony is unreliable[1] because he "is using the [sexual maturity rating system ("SMR")] or Tanner stages in a manner for which they are not intended and for which no reliable data indicates they can be used," by using the Tanner scale to determine chronological age.  (Doc. No. 42 at 3).  Smith also objects to Dr. Schlievert's performance of the Tanner evaluation on only one area (either the breasts or the genitalia) for four of the five exhibits.[2] (*Id.*).  Lastly, Smith argues Dr. Schlievert's testimony is unreliable "because he bases his opinions in part on the facial characteristics and body habitus of the video subjects . . . [and] '[t]here is no scientific evidence that facial characteristics and body habitus can be facilitated to render an age classification.'"  (*Id.*) (quoting Doc. No. 42-3 at 3).

I am not persuaded by Smith's arguments.  As an initial matter, the Sixth Circuit previously has found no error in a district court's admission of expert testimony utilizing the Tanner stages. *United States v. Long*, 103 F.3d 1377, at *3 (6th Cir. 1997) (unpublished table decision).  *See also United States v. Fuller*, 77 F. App'x 371, 380 (6th Cir. 2003) (holding use of Tanner methodology by government's expert was sufficient to establish visual depictions contained actual children rather than computer-generated images).

While Smith attempts to isolate several of the methods Dr. Schlievert employed and to argue that a given method, standing alone, is insufficient and unreliable, this is not a fair assessment of his

---

[1]  Smith does not argue Dr. Schlievert's testimony is irrelevant.

[2]  Dr. Schlievert did not perform the Tanner evaluation on the fifth exhibit because the victim's breast and genitalia were not visible to the camera.  (*See* Doc. No. 42-1 at 2).

proffered testimony.  It is of greater importance to the resolution of Smith's motion that Dr. Schlievert does not rely solely on the Tanner method, or on facial characteristics and body habitus, for any of his conclusions.  Instead, his report concisely states he "offer[s] these opinions based on my education, training, the relevant literature[,] and my experience in evaluating thousands of children from birth to full adulthood (physically) over 24 years."  (Doc. No. 42-1 at 4).

The relevance and reliability of expert testimony based upon clinical experience and methodologies like the Tanner method is well established.  *See, e.g., United States v. Noda*, 137 F. App'x 856, 864 (6th Cir. 2005) (citing cases).  "The jury itself, of course, might make its own determination of age based on the evidence and on the juror's own experience." *Long*, 108 F.3d 1377, at *3.  *See also United States v. Broyles*, 37 F.3d 1314, 1317-18 (8th Cir. 1994) (affirming guilty verdict based in part upon testimony of expert witness who testified based upon professional experience as well as personal experience in raising six children).

Smith also takes issue with Dr. Schlievert's use of a magnifying glass to evaluate the visual depictions.  (Doc. No. 42 at 4).  Dr. Schlievert stated in his report that he "used a magnifying glass in order to examine the images without having to 'zoom' or 'blow them up' and cause artifacts from doing so."  (Doc. No. 42-1 at 1).  Dr. Johnson opined this "is not a scientific[ly] objective means to view images."  (Doc. No. 42-3 at 4).  But Smith does not suggest, and it is far from apparent, how this method of examination makes Dr. Schlievert's testimony unreliable.  Rather, Dr. Schlievert identified a method which potentially could affect the reliability of his examination and excluded that from his evaluation process.  The jury will view the images at trial and will have a full and fair opportunity to determine whether Dr. Schlievert's use of a magnifying glass to examine the images makes his conclusions less credible.

Finally, Smith contends Dr. Schlievert cannot testify that "the videos do not appear to have been altered . . . [because] he is not an expert in digital forensics."  (Doc. No. 42 at 4).  But, as the

4

government suggests, (Doc. No. 43 at 9), the jury is presumed to be capable of understanding Dr. Schlievert's testimony about image alteration as being offered from his perspective as a child development expert, and not as a digital forensics expert.  *Cf. Fuller*, 77 F. App'x at 380 (finding no error in the admission of testimony from child development expert that "visual depictions of child pornography [on defendant's computer] 'appeared to be' live human beings").  And, of course, Smith will have an opportunity to cross-examine Dr. Schlievert on this point during the trial.

## IV.  CONCLUSION

I conclude the government has established Dr. Schlievert's proffered testimony is relevant and reliable.  Therefore, and for the reasons set forth above, I deny Smith's request for a hearing and his motion to exclude Dr. Schlievert's testimony.  (Doc. No. 42).

So Ordered.


s/ Jeffrey J. Helmick
United States District Judge